IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Samuel Jeboda and Abosede
Kamson,

                Plaintiffs,    Case No. 1:21-cv-994-MLB

v.

AJ Dell'omo Surety and
Immigration Bond Services,

                Defendant.

_____/

## OPINION & ORDER

Plaintiffs Samuel Jeboda and Abosede Kamson sued Defendant AJ Dell'Omo Surety and Immigration Bond Services for breach of contract, fraud, and attorneys' fees. (*See* Dkt. 6.) Defendant did not answer the complaint, and Plaintiffs now move for default judgment. (Dkt. 9.) The Court denies Plaintiffs' motion without prejudice.

## I.  Background

On December 21, 2018, Immigration and Custom Enforcement ("ICE") detained Plaintiff Jeboda in New Jersey. (Dkt. 6 ¶ 6.) Plaintiff Jeboda was granted bail at $25,000. (*Id.*) Plaintiff Kamson, the aunt of

Plaintiff Jeboda, sought the services of Defendant to assist with payment of the bail. (*Id.* ¶ 7.) Plaintiffs entered a written contract with Defendant on May 6, 2019, whereby Plaintiff Jeboda would electronically transfer $18,000 to Defendant in exchange for the timely payment of $25,000 to the court for his bail. (*Id.* ¶¶ 7–8.) On May 10, 2019, Plaintiff Jeboda sent Defendant $18,000. (*Id.* ¶ 10.) Defendant failed to make the bond payment to the court. (*Id.* ¶ 11.) From May 10, 2019 to May 28, 2019, Plaintiffs repeatedly requested that Defendant pay Plaintiff Jeboda's bail bond pursuant to the terms of their contract and repeatedly inquired about the delay. (*Id.* ¶ 13.) On May 28, 2019, Plaintiff Jeboda's bail was reduced to $10,000, and Plaintiff Kamson decided it would be best if she paid it herself due to Defendant's failure to pay the original bond. (*Id.* ¶ 15.)

On May 30, 2019, Plaintiffs contacted Defendant to request a refund for the $18,000, and Defendant confirmed the refund would be issued. (*Id.* ¶¶ 15, 17.) On June 6, 2019, Plaintiff Kamson had not received the refund and went to Defendant's office to inquire about the delay. (*Id.* ¶ 19.) Defendant purported to call Wells Fargo and confirmed the refund would be completed on June 10, 2019. (*Id.*) During the visit,

2

Defendant provided Plaintiff Kamson with a wire transfer receipt.[1] (*Id.* ¶ 23.) On June 10, 2019, Defendant told Plaintiffs the wire transfer was initiated, and a copy of the trace code was forthcoming. (*Id.* ¶ 22.) Plaintiffs never received the trace code or the refund. (*Id.*) Plaintiff Kamson contacted her bank on June 24, 2019 and learned Defendant had never initiated the wire transfer. (*Id.* ¶ 23.) Plaintiffs made several unsuccessful attempts to contact Defendant after June 24, 2019. (*Id.* ¶ 24.) On July 10, 2019, Defendant contacted Plaintiffs to inform them they were working on getting the full refund to Plaintiffs. (*Id.*) Plaintiffs never received the $18,000 refund and have not had any further contact with Defendant. (*Id.* ¶ 25.)

Plaintiffs sued Defendant for breach of contract, fraud, and attorneys' fees. (*Id.* ¶¶ 26–43.) The complaint was served on Defendant on April 9, 2021, but Defendant has failed to answer or otherwise make an appearance. (*See* Dkt. 7.) The Clerk entered default against Defendant on May 26, 2021, and Plaintiffs now move for default judgment. (Dkts. 8; 9.) Plaintiffs are seeking special damages of $20,500

---

[1] The amended complaint references both June 4, 2019 and June 6, 2019 as the date Defendant provided the receipt for the wire transfer refund. (Dkt. 6 ¶¶ 18, 23.)

(i.e., $18,000 for the bond payment and $2,500 for Plaintiff Kamson's travel expenses between New Jersey and Georgia), general damages of $100,000 for deprivation of Plaintiff Jeboda's liberty, and $7,000 in attorneys' fees. (Dkt. 9 at 2.)

## II.  Standard of Review

If a defendant fails to plead or otherwise defend a lawsuit within the time required by Federal Rule of Civil Procedure 12(a)(1)(A), the clerk, upon motion, must enter default against the defendant pursuant to Rule 55(a). Fed R. Civ. P. 55. Pursuant to Federal Rule of Civil Procedure 55, "once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *Am. Auto. Ass'n, Inc. v. AAA Auto Sales, LLC*, No. 1:16-CV-01159-ELR, 2016 WL 10957245, at *1 (N.D. Ga. Oct. 20, 2016).

Once the clerk has entered default, "[t]he entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). The Eleventh Circuit, however, has made it clear that entry of judgment by default is not granted as a matter of right. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015) (per curiam) ("Because of our 'strong

policy of determining cases on their merits,' . . . default judgments are generally disfavored." (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003))). "While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 1245 (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)). Default judgment is warranted only when there is "a sufficient basis in the pleadings for the judgment entered." *Id.* (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2]

The standard for determining what constitutes "a sufficient basis" for the judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Id.* As with a motion to dismiss, a court accepts all well-pleaded facts as true and determines whether those facts state a claim for relief

---

[2] In *Bonner v. City of Prichard*, 611 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

that is plausible on its face. *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (per curiam) (citing *Surtain*, 789 F.3d at 1244–45). The court, therefore, determines whether the plaintiff's allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Surtain*, 789 F.3d at 1245–46). If a complaint fails to state a claim, then default judgment cannot stand. *PNCEF, LLC v. Hendricks Bldg. Supply, LLC*, 740 F. Supp. 2d 1287, 1291 (S.D. Ala. 2010) (citing *Chudasama*, 123 F.3d at 1370 n. 41).

"A court has an obligation to assure that there is a legitimate basis for any damage award it enters" in connection with a default judgment. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) ("Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" (citing *United Artists Corp. v. Freeman*, 605 F.2d 854 (5th Cir. 1979) (per curiam))). Pursuant to Rule 55(b), courts may enter such awards without holding an evidentiary hearing, but only if the amount is for a "sum certain or a

sum that can be made certain by computation" and is supported by an affidavit to show the amount due. Fed. R. Civ. P. 55(b)(1).

## III. Discussion

"Once liability has been found, the district court has a great deal of discretion in deciding the level of damages to be awarded."[3] *Stallworth v. Shuler*, 777 F.2d 1431, 1435 (11th Cir. 1985). Conclusory evidence of damages, however, are not sufficient. *Natures Way Marine, LLC v. N. Am. Materials, Inc.*, No. 08-0005-WS-B, 2008 WL 801702, at *4 (S.D. Ala. Mar. 24, 2008). "It is incumbent on [the] plaintiff, as the party seeking default judgment, to make a detailed evidentiary showing of damages, beyond mere conclusory statements . . . . Conclusory evidence whose calculations and factual underpinnings cannot be discerned are insufficient and will not be accepted." *Id.*; *see also Radiance Cap. Receivables Seventeen, LLC v. Jivani*, No. 1:16-CV-3492-MHC, 2017 WL 7660396, at *4 (N.D. Ga. Apr. 19, 2017) (denying plaintiff's motion for entry of default judgment without prejudice, in part, because the complaint was "devoid of non-conclusory allegations regarding

---

[3] At present, the Court is not making liability determinations because Plaintiffs' motion wholly lacks evidence supporting their claimed damages.

damages"). Rule 55 requires an affidavit showing the precise amount due in damages and that the damages be for a "sum certain or a sum that can be made certain upon computation." Fed. R. Civ. P. 55. An amount is said to be a "sum certain" when "there is no doubt as the amount to which a plaintiff is entitled as a result of the defendant's default." *Radiance Cap. Receivables*, 2017 WL 7660396, at *3 (citing *Lubin, Sarl, a French Co. v. Lubin N. Am., Inc.*, No. 1:13-CV-2696-AT, 2014 WL 11955396, at *2 (N.D. Ga. Apr. 10, 2014)).

Plaintiffs seek special damages totaling $20,500 ($18,000 paid directly to Defendant and $2,500 in travel expenses between New Jersey and Georgia), general damages totaling $100,000, and attorneys' fees totaling $7,000. (Dkt. 9 at 9.) All these claimed damages, however, are conclusory and do not specifically state the "calculations and factual underpinnings" supporting the claimed amounts. *See, e.g., Bd. of Trs., NECA-IBEW 756 Pension Fund v. Stirling & Assocs. of Flagler, Inc.*, No. 3:15-cv-1439-J-32JBT, 2016 WL 7438050, at *2 (M.D. Fla. Apr. 19, 2016) ("[T]he Court cannot discern how Plaintiff arrived at these amounts, or whether Plaintiff's calculations comply with the relevant statute."). Plaintiffs do not present any affidavits or verifiable evidence to prove

their damages. Much more detail, analysis, and legal/evidentiary support is required before the Court can award damages. *See SunTrust Bank v. Redd/Lichee Corp.*, No. 1:07-CV-3069-BBM, 2008 WL 11337315, at *2 (N.D. Ga. Mar. 5, 2008) (attached sworn affidavit and account statement were sufficient verification of the principal amount due on loan); *but see Adorn, LLC v. Lakeside Park Homes, Inc.*, No. 7:06-CV-115(HL), 2007 WL 640290, at *1 (M.D. Ga. Feb. 26, 2007) (denying plaintiffs' default judgment for $50,000 in unrecovered costs, incidental and consequential damages, and lost profits because there were no allegations in the complaint, motion, or affidavits to support the amount specifically or to a calculable amount). "Rather than merely telling the Court in summary fashion what its damages are, a plaintiff seeking default judgment must show the Court what those damages are, how they are calculated, and where they come from." *Radiance Cap. Receivables*, 2017 WL 7660396, at *4. Plaintiffs merely provide conclusory statements of the travel expenses and the amount sent to Defendant, but they fail to provide evidence to verify this information. The Court cannot just take Plaintiffs on their word. Further, Plaintiffs provide no statements or evidence regarding how they arrived at the $100,000 in general damages

9

beyond stating Plaintiff Jeboda was deprived of his liberty by being "forced to stay in jail for 18 days after the bond money was wired to the Defendant." (Dkt. 9 at 2.) ***If Plaintiffs elect to file a new default judgment motion, their calculations and supporting evidence must be clear and detailed enough that the Court may, without difficulty or guesswork, determine any damages due.*** The Court anticipates the Plaintiffs can make (at least some) of this showing and invites them to do so.

Additionally, Plaintiffs request for attorneys' fees falls well short. Plaintiffs have not provided the Court with any evidence showing how many hours the attorneys have billed, the attorneys' hourly rate, or what services the attorneys have provided. ***If Plaintiffs elect to file a new default judgment motion, they should submit clear and detailed evidence in support of their request for attorneys' fees. They should also explain why such evidence is sufficient under applicable law.*** In Georgia, however, evidence of hours worked, and rate charged is not sufficient to warrant a grant of attorneys' fees. *Giovanno v. Fabec*, 804 F.3d 1361, 1366–67 (11th Cir. 2015) ("Georgia law requires a hearing if a court intends to award attorney's fees to a

prevailing party."). Should Plaintiffs file a renewed motion with appropriate evidence supporting their claimed damages and the Court determines awarding attorneys' fees is appropriate, then the Court will hold a hearing to ensure the amount award is reasonable.

## IV. Conclusion

The Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Default Judgment (Dkt. 9).

**SO ORDERED** this 18th day of August, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE